UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Shenzhen Andingsheng Trading Co., Ltd. ) | |
| ) | Case No. 25-cv-2745 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| The Partnerships and ) | |
| Unincorporated Associations ) | |
| Identified On Schedule A, ) | |
| ) | |
| Defendants. ) | |

## VERIFIED COMPLAINT

Shenzhen Andingsheng Trading Co., Ltd. ("SAT Co." or "Plaintiff"), by and through its attorneys, hereby brings the present action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each Defendant directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, internet e-commerce stores[1] operating under the seller aliases identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically,

---

[1] URL links of these e-commerce defendant internet stores are listed on Schedule A hereto.

1

Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, have sold products featuring Plaintiff's trade dress and patented design to residents of Illinois. Each Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## INTRODUCTION

3. This action has been filed by SAT Co. to combat online infringers who trade upon SAT Co.'s trade dress and patented design by making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the same unauthorized and unlicensed product, namely the magnetic seam guide products ("the Infringing Products"), that infringe Plaintiff's unregistered trade dress (illustrated in Plaintiff's U.S. Patent No. D1,050,196) and Plaintiff's U.S. Patent No. D1,050,196 ("the '196 Patent"). Plaintiff has filed this action to combat Defendants' infringement of its design, as well as to protect unknowing consumers from purchasing Infringing Products over the Internet. Plaintiff has been and continues to be irreparably damaged from the loss of its lawful rights to exclude others from making, using, selling, offering for sale, and importing its design as a result of Defendants' actions and seeks injunctive and monetary relief.

## JOINDER

4. Joinder in trade dress cases is governed by Fed. R. Civ. P. 20(a)(2), which allows joinder if "any right to relief is asserted against [the defendants] jointly, severally, or in the

alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." Those requirements are satisfied when foreign counterfeiters take advantage of the anonymity and mass reach afforded by the internet and the cover afforded by international borders and swarm the plaintiff by infringing its rights. *See Bose Corp. v. P'ships et al.*, 334 F.R.D. 511, 516-517 (N.D. Ill. 2020).

5. Joinder in patent cases is governed by 35 U.S.C. § 299, which allows joinder if: (1) relief relates to the offering for sale or selling of the same accused product or process; and (2) questions of fact common to all defendants will arise in the action. *See* 35 U.S.C. § 299(a).

6. "[D]eciding whether a product is the 'same' for purposes of joinder under § 299 entails applying a less exacting standard than simply looking to whether a defendant's product is literally identical to the product it allegedly copies." *Aquapaw Brands LLC v. Flopet*, No. 2:21-cv-00988-CCW, 2022 U.S. Dist. LEXIS 134797, at *6 (W.D. Pa. July 29, 2022) (*citing In re Apple Inc.*, 650 F. App'x 771, 774 (Fed. Cir. 2015)). Instead, the question is whether "the products are the same in all respects relevant to the patent." *Id.*; *see also, SitePro, Inc. v. WaterBridge Res., LLC*, No. 6:23-cv-00115-ADA-DTG, 2024 U.S. Dist. LEXIS 72523, at *13 (W.D. Tex. Apr. 22, 2024) (not requiring the products to be literally identical to satisfy the requirements of 35 U.S.C. § 299(a)).

7. Here, this is not a case where joinder is sought based solely on allegations that each defendant has infringed the same trade dress or the same patent. Instead, relief is asserted jointly and severally against a swarm of foreign counterfeiters that have taken advantage of the anonymity and mass reach afforded by the internet and the cover afforded by international borders to infringe Plaintiff's rights. And the Infringing Products are the same in all respects relevant to the trade dress

3

and the '196 Patent. Schedule A-1 enclosed herewith shows each of the accused products compared to the claimed design of the '196 Patent (which also illustrates Plaintiff's trade dress). This shows that Defendants (and the accused products) have been properly joined under both Rule 20 and 35 U.S.C. § 299(a).

8. Further Defendants attempt to avoid and mitigate liability by operating under one or more Defendant Internet Stores to conceal both their identities and the full scope and interworking of their operation. Defendants' e-commerce stores are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products to unknowing consumers. The infringement is happening at the same time with overlap of the products' manufacture, this case involves a claim for lost profits, and the Defendant e-commerce stores share advertising look and feel; this collectively establishes a logical relationship between Defendants, such that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences, and discovery will show further relationships among Defendants.

## THE PARTIES AND THE INTELLECTUAL PROPERTY AT ISSUE

9. Plaintiff SAT Co. is a Chinese company. Its principal place of business is at: RM. 403, GUANGTIANYUAN, JIHUA RD., BANTIAN ST., LONGGANG DIST., SHENZHEN 518000 CHINA.

10. SAT Co. has been engaged in the business of designing, sourcing, and marketing sewing products including, but not limited to, the magnetic seam guide products shown and claimed in the '196 Patent ("SAT Co. Products"). SAT Co. Products can be purchased from e-commerce platforms, such as Amazon.com. Since at least as early as May 8, 2023, SAT Co., on

its own and/or via predecessors, retailers, distributors, resellers, and/or importers, has marketed, advertised, promoted, imported, and/or sold SAT Co. Products to consumers in the United States.

11. SAT Co.'s magnetic seam guide products are loved by customers at least because of the unique design claimed in the '196 Patent, which forms SAT Co.'s unregistered trade dress. Representative figures of the '196 Patent are reproduced below.



12. The '196 Patent, entitled SEWING MAGNETIC SEAM GUIDE, was duly and legally issued on November 5, 2024. Attached as Exhibit 1 is a true and accurate copy of the '196 Patent.

13. As recorded with the U.S. Patent Office at reel 67247, frame 0159, Huizong Yang assigned all rights in the '196 Patent to SAT Co.; thus, SAT Co. is the lawful assignee of all right, title, and interest in and to the '196 Patent.

14. At all times relevant, the owner of the '196 Patent and any assignee complied with the federal patent marking statute, 35 U.S.C. § 287(a).

15. Plaintiff's trade dress in its design, which is illustrated in the '196 Patent ("Plaintiff's Trade Dress"), is valid.

5

16. Consumers associate Plaintiff's Trade Dress with Plaintiff.

17. Plaintiff's Trade Dress is not functional.

18. Defendants' infringement of Plaintiff's Trade Dress is likely to cause consumer confusion as to the source of the Infringing Products.

19. Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Defendant Internet Stores identified on Schedule A and/or other Defendant Internet Stores not yet known to Plaintiff. On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax intellectual property enforcement systems, or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

20. On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Defendant Internet Stores listed in Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to discover Defendants' true identities and the exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## DEFENDANTS' UNLAWFUL CONDUCT

21. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Defendant Internet Stores, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and, on information and belief, have sold Infringing Products to residents

6

of Illinois. Schedule A-2 enclosed herewith includes a screenshot of each Defendant offering to sell the Infringing Products into Illinois.

22. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of online marketplaces and user accounts. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A to the Verified Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

23. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores demonstrating a series of interrelated acts of infringement. The Defendant Internet Stores are believed to include notable common features beyond selling the same Infringing Products, including use of the same or similar advertising look and feel.

24. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

25. On information and belief, e-commerce store operators like Defendants are also in constant communication with each other and regularly participate in WeChat groups and through

websites such as sellerdefense.cn and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

26. Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of plaintiff's enforcement efforts, such as take down notices. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court.

27. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use, products that infringe Plaintiff's Trade Dress and infringe directly and/or indirectly the '196 Patent, and continue to do so via the Defendant Internet Stores. Each Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has offered to sell and sold Infringing Products into the United States, including Illinois.

28. Defendants' infringement of Plaintiff's Trade Dress and the '196 Patent in the offering to sell, selling, and/or importing of the Infringing Products is and has been willful.

29. Defendants' infringement of Plaintiff's Trade Dress and the '196 Patent in connection with the offering to sell, selling, and/or importing of the Infringing Products, including the offering for sale and sale of Infringing Products into Illinois, is irreparably harming Plaintiff.

## COUNT 1

(Infringement of trade dress)

30. Plaintiff repeats and realleges each of the preceding paragraphs as though fully set forth herein.

31. Plaintiff owns valid trade dress in its design of a magnetic seam guide for sewing ("Plaintiff's Trade Dress), which is illustrated in Plaintiff's U.S. Pat. No. D1,050,196.

32. Plaintiff's Trade Dress is not functional.

33. Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and/or sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences.

34. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully, offered for sale, sold, and/or imported into the United States for subsequent resale or use the product that infringes Plaintiff's Trade Dress.

35. Specifically, Defendants' use of Plaintiff's Trade Dress has caused, or is likely to cause, confusion in the marketplace regarding the source of the Infringing Products and infringes Plaintiff's Trade Dress.

36. Defendants have infringed Plaintiff's Trade Dress and will continue to do so unless enjoined by this Court.

37. Defendants have profited by their infringement of Plaintiff's Trade Dress, and Plaintiff has suffered actual harm as a result of Defendants' infringement.

38. It is virtually impossible to ascertain the precise economic consequences of the damage to Plaintiff's reputation and loss of goodwill caused by Defendants' infringement of

Plaintiff's Trade Dress, though there has been such damage to Plaintiff's reputation and loss of goodwill.

39. Defendants' infringement of Plaintiff's Trade Dress has caused Plaintiff to suffer irreparable harm.

40. Plaintiff is entitled to injunctive relief from Defendants' trade dress infringement pursuant to 15 U.S.C. § 1116.

41. Plaintiff is entitled to recover Defendants' profits on the Infringing Products pursuant to 15 U.S.C. § 1117.

42. Plaintiff is entitled to its costs of the action pursuant to 15 U.S.C. § 1117.

43. Plaintiff is entitled to its reasonable attorney fees pursuant to 15 U.S.C. § 1117.

## COUNT 2

(Infringement of the '196 Patent)

44. Plaintiff repeats and realleges each of the preceding paragraphs as though fully set forth herein.

45. Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and/or sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences.

46. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully, offered for sale, sold, and/or imported into the United States for subsequent resale or use the product that infringes directly and/or indirectly the '196 Patent.

47. Specifically, Defendants have infringed and continue to infringe the sole claim of the '196 Patent by making, using, importing, selling, and/or offering to sell the Infringing Products in the United States without authorization or license from Plaintiff.

48. Defendants have profited by their infringement of the '196 Patent, and Plaintiff has suffered actual harm as a result of Defendants' infringement.

49. Defendants have infringed the '196 Patent and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

50. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289 or a reasonable royalty pursuant to 35 U.S.C. § 284.

51. Plaintiff is entitled to interest and costs pursuant to 35 U.S.C. § 284.

52. Plaintiff is entitled to treble damages pursuant to 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

WHEREFORE, SAT Co. requests judgement against Defendants as follows:

A. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from: (1) making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Product; (2) aiding, abetting, contributing to, or otherwise assisting anyone in making,

using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Product; and (3) effecting assignment or transfer, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding prohibitions set forth in (1) and (2);

B. Entry of an Order that, upon SAT Co.'s request, those with notice of the injunction, including, without limitation, any online marketplace platforms, including but not limited to Amazon, eBay, AliExpress, Alibaba, Temu, Walmart, Target, and other websites (collectively, the "Third Party Providers"), shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of the Infringing Product;

C. That SAT Co. be awarded Defendants' profits on the Infringing Products pursuant to 15 U.S.C. § 1117;

D. That SAT Co. be awarded its costs of this action pursuant to 15 U.S.C. § 1117;

E. That SAT Co. be awarded its reasonable attorney fees pursuant to 15 U.S.C. § 1117;

F. That SAT Co. be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate SAT Co. for Defendants' infringement of the '196 Patent, but in no event less than a reasonable royalty for the use made of the invention by Defendants, pursuant to 35 U.S.C. § 284;

G. That the amount of damages awarded to SAT Co. under 35 U.S.C. §284 for infringement of the '196 Patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

H. In the alternative to a reasonable royalty under 35 U.S.C. § 284, that SAT Co. be awarded all profits realized by Defendants from Defendants' infringement of the '196 Patent pursuant to 35 U.S.C. § 289;

I. That SAT Co. be awarded its interest and costs pursuant to 35 U.S.C. § 284; and

J. That this Court award any and all other relief that it deems just and proper.

Dated: March 17, 2025                          Respectfully Submitted,

/s/
Allen Justin Poplin, NDIL 21598
**AVEK IP, LLC**
7285 W. 132nd Street, Suite 340
Overland Park, KS 66213
Phone: 913-303-3841
jpoplin@avekip.com
*Attorney for Plaintiff*

## **VERIFICATION**

I, Huizong Yang, hereby declare and state that:

1. I am the owner of Shenzhen Andingsheng Trading Co., Ltd. ("SAT Co." or "Plaintiff"). As such, I am authorized to make this verification on behalf of SAT Co.

2. I have read the forgoing verified complaint, and based on my personal knowledge, the factual allegations contained in the forgoing verified complaint are true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March  13 , 2025           *Huizong Yang*
                                                       Huizong Yang